**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
In re:                                                        :
                                                              :        Chapter 11
HUDSON 888 OWNER LLC,                                          :
                                                              :        Case No.:
                                    Debtor.[1]                :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
In re:                                                        :        Chapter 11
                                                              :
HUDSON 888 HOLDCO LLC,                                         :        Case No.:
                                                              :
                                    Debtor.[2]                :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF SHENG ZHANG PURSUANT TO
## LOCAL BANKRUPTCY RULE 1007-2

I, Sheng Zhang, hereby declare under penalty of perjury to the best of my knowledge,

information, and belief:

1.      I am the Chairman and Chief Executive Officer of Hudson 888 Owner LLC ("**Fee**

**Owner**") and Hudson 888 Holdco LLC ("**Holdco**," and together with Fee Owner, the "**Debtors**"

and each separately a "**Debtor**").

2.      I am knowledgeable and familiar with the Debtors' business and financial affairs.

The facts set forth in this Declaration are based upon my personal knowledge, my review of

relevant documents, information provided to me by agents of the Debtors working under my

---

[1]    Hudson 888 Owner LLC's principal offices are located at 150 East 52nd Street, Suite 8002, New York, New York 10022. The last four digits of the Federal Tax Id. No. of Hudson 888 Owner LLC are 6993.

[2]    Hudson 888 Holdco LLC's principal offices are located at 150 East 52nd Street, Suite 8002, New York, New York 10022. The last four digits of the Federal Tax Id. No. of Hudson 888 Holdco LLC are 4666.

supervision, or my opinion based upon experience, knowledge, and information concerning the Debtors.

3.      The facts asserted in this Declaration and the schedules hereto are to the best of my knowledge at this time. If called upon to testify, I will testify competently to the facts set forth in this Declaration.

4.      This Declaration is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") to apprise the Court and other parties in interest of the circumstances that compelled the commencement of the Debtors' cases under the Bankruptcy Code (the "**Chapter 11 Cases**"). I am authorized to submit this Declaration as an authorized signatory and representative of the Debtors.

5.      This Declaration is intended to provide a summary overview of the Chapter 11 Cases and is organized as follows: Section I describes the Debtors' business and prepetition capital structure; Section II describes the events that led to the commencement of the Chapter 11 Cases; and Section III identifies and sets forth the factual support for the attached schedules of information required by Local Bankruptcy Rule 1007-2.

## I.

### Debtors' Business and Pre-Petition Capital Structure

6.      Fee Owner is a Delaware limited liability company, with Holdco as its sole member.

7.      Holdco is a Delaware limited liability company, with XIN Manhattan Holding LLC as its sole member. Holdco's sole asset is the membership interests it holds in Fee Owner.

8.      Fee Owner's sole asset consists of a mixed-use real estate project commonly known as the Bloom on Forty-Fifth Condominium, located at 500 West 45th Street (the "**Project**"), on

which construction was completed in 2020 and consists of 92 studio, one-bedroom, two-bedroom, and three-bedroom residential condominium apartments and five commercial condominium units.

9.     Approximately 98% of the commercial condominium units are rented under long-term leases, including a Target store. The rents paid by the commercial tenants aggregate to approximately $3.4 million annually.

10.     The offering plan for the sale of the condominium units at the Bloom on Forty-Fifth Condominium was declared effective by the New York Attorney General's Office in 2021, and the first sales of the residential condominium units closed in 2022. As of the date hereof (the "**Petition Date**"), Fee Owner owns 60 residential condominium units and all five commercial condominium units. The 60 unsold residential condominium units are currently for sale.

11.     Fee Owner's interest in the Project has an estimated value in excess of $120 million, which values the commercial condominium units at approximately $53 million and the unsold residential apartments at an aggregate value of approximately $70 million. Based on these valuations, there is approximately in excess of $40.3 million in equity value (exclusive of amounts owed to affiliates) for the benefit of the Debtors.

12.     Neither Fee Owner nor Holdco has any employees, and the Project is managed by FirstService Residential Management (the "**Manager**"). The Manager's employees provide day-to-day services for residents and tenants of the Project.

13.     Together, the Debtors are indebted to DOF II-Bloom Senior LLC ("**Mortgage Lender**") and DOF II-Bloom Mezz LLC ("**Mezz Lender**") for approximately $79.7 million as of November 30, 2023. Mortgage Lender and Mezz Lender purchased the debt in April 2023 from the original lenders, Dreg Cared Lender LLC and CG45 Funding LLC, respectively, (together, the

"**Original Lenders**"). Mortgage Lender and Mezz Lender are affiliates of BH3 Management, LLC and are referred to herein collectively as "**BH3**."

14.    The debt structure consists of a senior loan (the "**Senior Loan**") in which Fee Owner is the borrower, which is secured by a mortgage on the Project, along with a security interest in the rents and other revenues of the Project. The Senior Loan is held by Mortgage Lender. The outstanding amount of the Senior Loan, including prepetition interest (at the contract rate) and charges, was approximately $58.9 million as of November 30, 2023.

15.    The debt structure also includes a mezzanine loan (the "**Mezz Loan,**" and together with the Senior Loan, the "**Loans**") in which Holdco is the borrower, which is secured by a pledge of Holdco's equity interests in Fee Owner. The Mezz Loan is held by Mezz Lender. The outstanding amount of the Mezz Loan, including prepetition interest (at the contract rate) and charges, was approximately $20.8 million as of November 30, 2023.

## II.

## Events Leading to Chapter 11

16.    Construction of the Project was completed in 2020, and condominium sales efforts began in early 2021—in the midst of the Covid pandemic. As a result of the pandemic restrictions in place for more than two years, residential sales of the Project did not meet the projections of the Debtors and the Original Lenders. When pandemic restrictions started to ease in 2022, the Federal Reserve began successive interest rate hikes to combat inflation, with rates increasing from a range of 0.25% to 0.50% in March 2022 to a range of[3] 5.25% to 5.50% in July 2023. Those increases in interest rates caused mortgage rates to increase, which put downward pressure on the condominium sales market.

---

[3] *See* Federal Reserve Board, Policy Tools, https://www.federalreserve.gov/monetarypolicy/openmarket.htm.

17.     Due to these market forces that were beyond the Debtors' control, the Debtors defaulted on payments under the Loans on November 5, 2022, December 5, 2022, January 5, 2023, February 5, 2023, March 5, 2023, April 5, 2023, May 5, 2023, June 5, 2023, July 5, 2023, August 5, 2023, and September 5, 2023. As a result of the Debtors' payment defaults to the Original Lenders, the Debtors and Original Lenders entered restructuring discussions with the Original Lenders.

18.     In April 2023, while restructuring discussions were ongoing, the Senior Loan was sold to Mortgage Lender and the Mezz Loan was sold to Mezz Lender. Accordingly, while the Senior Loan and the Mezz Loan were previously held by two unaffiliated lenders, following this sale, both the Senior Loan and Mezz Loan were held by affiliates of BH3 Management, LLC, a real estate investment firm based on Fort Lauderdale, Florida.

19.     Immediately after purchasing the Loans, BH3 began taking aggressive action against the Debtors, pursuing every opportunity to foreclose upon their liens securing the Loans and showing little willingness to work with the Debtors. On May 11, 2023, less than a month after purchasing the Loans, BH3 delivered to the Debtors a notice of default and acceleration of the Senior Loan and Mezz Loan. On August 4, 2023, Mezz Lender delivered to Holdco a notice of UCC foreclosure in which Mezz Lender notified Holdco that it intended to sell the limited liability company interests of Holdco in Fee Owner at a foreclosure auction scheduled on October 11, 2023.

20.     After numerous attempts at reaching a settlement, the parties entered into a Forbearance Agreement as of September 29, 2023. The terms of the Forbearance Agreement were onerous and included, *inter alia*: (i) paying restructuring fees in the amount of $297,373.54 to Mortgage Lender and $105,104.76 to Mezz Lender; (ii) agreeing to a strict foreclosure with no

right of redemption in the event there was a Termination Event under the Forbearance Agreement; (iii) interest continuing to accrue at the Default Rate; and (iv) no extension of the maturity date.

21.     The Debtors complied with their obligations under the Forbearance Agreement in order to have an opportunity to refinance the Senior Loan and Mezz Loan in full, without any interest or principal forgiveness or any extension of the maturity date, on or prior to the stated maturity date of the Loans, which is February 5, 2024. After having made payments to BH3 in the amount of $6 million on October 10, 2023, the Debtors were unable to make the full $4 million payment required under the Forbearance Agreement on October 20 due to regulatory restrictions and limitations on cross-border transfers of funds outside of China—*not* due to the Debtors' lack of funds. Accordingly, the parties entered into an amendment to the Forbearance Agreement and Escrow Agreement as of October 20, 2023. Under the amendment, the Debtors paid to BH3 $1 million on October 20, 2023, $250,000 of which was deemed a "restructuring fee" which did not reduce Debtors' indebtedness. The Debtors paid the remaining $3 million a week later on October 27, 2023.

22.     The Debtors were ready to make another payment in the amount of $1.9 million as required on November 6, 2023; however, given the logistical difficulties of monetary transfers from China to the United States and the significant restrictions placed on those transfers by the Chinese government, the Debtors were concerned whether the full amount of the funds would reach the United States in time to meet the November 6 deadline.

23.     Accordingly, the Debtors contacted BH3 on November 3, 2023 to: (i) request that Lenders roll over any shortfall in the payment required on November 6, 2023 to the succeeding payment date on November 24, 2023; and (ii) confirm the provision in the Forbearance Agreement

which gives the Debtors a 30-day cure period for the November 6 payment. BH3 did not agree

with the Debtors' requests.

24.    The Debtors then asked BH3 to agree to a reasonable amendment to the

Forbearance Agreement that would, among other things, extend the time for making the November

6 payment and extend the maturity date.  In response, on November 13, 2023, BH3 asked for fees

that aggregated in excess of $4 million in exchange for a nine-day deferral on the November 6

payment – and no other relief.

25.    On November 17, 2023, the Debtors received a Notice of Occurrence of

Termination Event Under Forbearance Agreement, in which BH3 alleged that a Termination Event

had occurred due to a purported "Material Payment Default" relating to the November 6 payment.

As a result of this alleged Termination Event, BH3 claimed to have the right to: (i) commence and

enforce a UCC Disposition; and (ii) cause the release from Escrow of Conveyance Items, pursuant

to which an affiliate of Mezz Lender is appointed as the manager of Holdco.

26.    On November 22, 2023, the Debtors commenced litigation against BH3 in a case

styled *Hudson 888 Owner LLC and Hudson 888 Holdco LLC v. DOF II-Bloom Senior LLC, DOF

II-Bloom Mezz LLC, and Reed Smith LLP*, Index No. 161355/2023 (Sup. Ct. N.Y. Cnty.), seeking

a judgment declaring that a 30-day cure period exists under the Forbearance Agreement with

respect to the $1.9 million payment that was due on November 6, 2023. Following commencement

of the litigation, the Court granted the Debtors' motion for a temporary restraining order and has

set a hearing on the Debtors' preliminary injunction motion for January 8, 2024.

27.    Prior to and since commencing the litigation, the Debtors have made substantial

efforts to settle the dispute with BH3 and, as needed, restructure the Senior Loan and Mezz Loan.

To date, the Debtors' efforts to obtain cooperation from BH3 have failed. On January 5, 2024, BH3 rejected the Debtors' most recent settlement proposal, without offering any counterproposal.

28.     Due to the adverse market forces described above, sales of residential condominium units have not met projections. As a result, while the cash flow from the retail leases and the condominium sales to date is adequate to fund all necessary operating expenses of the Project, it is not sufficient to also cover debt service in full as it comes due.

29.     Accordingly, while Debtors are not insolvent on a balance sheet basis, they are insolvent under an "equitable" or cash-flow insolvency analysis and have a bona fide need for protection from their creditors and to effect a financial restructuring.

30.     Through these Chapter 11 Cases, and subject to negotiations with BH3 and approval of this Court, the Debtors anticipate pursuing a stand-alone restructuring plan that may include one or more potential restructuring scenarios.

**III.**

**Information Required by Local Bankruptcy Rule 1007-2**

31.     In accordance with Local Bankruptcy Rule 1007-2, the schedules attached hereto provide certain information related to the Debtors.

32.     Pursuant to Local Bankruptcy Rule 1007-2(a)(3), the Debtors certify that there was no pre-petition committee of creditors organized.

33.     Pursuant to Local Bankruptcy Rule 1007-2(a)(4), **Schedule 1** hereto lists the following information with respect to each of the holders of the Debtors' twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the Debtors' accounts, the

8

approximate amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured.

34.     Pursuant to Local Bankruptcy Rule 1007-2(a)(5), **Schedule 2** hereto provides the following information with respect to each of the holders of the five (5) largest secured claims against the Debtors: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the approximate amount of the claim; a brief description of the collateral securing the claim; an estimate of the value of the collateral, and whether the claim or lien is disputed.

35.     Pursuant to Local Bankruptcy Rule 1007-2(a)(6), **Schedule 3** hereto provides a summary of the (unaudited) assets and liabilities for Fee Owner as of November 30, 2023. Holdco does not maintain separate financial statements.

36.     Pursuant to Local Bankruptcy Rule 1007-2(a)(7), the Debtors hereby certify that there are no publicly held securities of the Debtors, and that none of the Debtors' officers or directors holds any securities issued by the Debtors.

37.     Pursuant to Local Bankruptcy Rule 1007-2(a)(8), the Debtors certify that none of their assets or properties are in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity.

38.     Pursuant to Local Bankruptcy Rule 1007-2(a)(9), **Schedule 4** hereto provides a list of the premises owned, leased, or held under other arrangement from which the Debtors operate their businesses.

39.     Pursuant to Local Bankruptcy Rule 1007-2(a)(10), **Schedule 5** hereto provides the location of the Debtors' substantial assets, the location of their books and records, and the nature,

location, and value of any assets held by the Debtors outside the territorial limits of the United States.

40.     Pursuant to Local Bankruptcy Rule 1007-2(a)(11), **Schedule 6** hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtors or their property where a judgment against the Debtors or a seizure of their property may be imminent.

41.     Pursuant to Local Bankruptcy Rule 1007-2(a)(12), **Schedule 7** hereto provides a list of the names of the individuals who comprise the Debtors' existing senior management, their tenure with the Debtors, and a brief summary of their relevant responsibilities and experience.

42.     Pursuant to Local Bankruptcy Rule 1007-2(b)(1)-(2)(A), **Schedule 8** hereto provides the estimated amount of weekly payroll to the Debtors' employees (not including officers, directors, stockholders, and partners) and the estimated amount to be paid to officers, stockholders, directors, members of any partnerships, and financial and business consultants retained by the Debtors for the thirty (30) day period following the filing of the chapter 11 petition.

43.     Pursuant to Local Bankruptcy Rule 1007-2(b)(3), **Schedule 9** hereto provides, for the thirty (30) day period following the filing of the chapter 11 petition, a list of estimated cash receipts and disbursements, net cash gain or loss, obligations, and receivables expected to accrue that remain unpaid, other than professional fees.

## IV.

## <u>Conclusion</u>

44.     The above illustrates the factors that have precipitated the commencement of the Chapter 11 Cases and the need for the Debtors to restructure their financial affairs.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:      January 7, 2024
            New York, New York

Sheng Zhang
Chairman and Chief Executive Officer
Hudson 888 Owner LLC
Hudson 888 Holdco LLC

11

**Schedule 1**

**Consolidated List of 20 Largest Unsecured Claims (Excluding Insiders)[4]**

Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the following is a list of creditors holding, as of November 30, 2023, the twenty (20) largest, unsecured claims against the Debtors, excluding claims of insiders as defined in section 101 of the Bankruptcy Code.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim | Indicate if claim is contingent, unliquidated or disputed | Approximate Amount of unsecured claim |
|---|---|---|---|---|---|
| 1 | RKF Retail Holdings LLC 7 5th Avenue, Ste 7 New York, NY 10175 | | | | $109,502.29 |
| 2 | FirstService Residential Management 333 7th Avenue, 5th Floor New York, NY 10001 | | Property Management | | $108,346.56 |
| 3 | SMBC Capital Markets Inc 277 Park Avenue, New York, NY 10172 | | Consulting | | $58,750.00 |
| 4 | Kassin Sabbagh Realty 1385 Broadway, 22nd Floor New York, NY 10018 | | | | $53,394.39 |
| 5 | Holland Knight LLP 1180 W Peachtree St. NW Suite 1800 Atlanta, GA 30309 | | Legal fees | | $50,350.17 |
| 6 | Marcum LLP 10 Melville Park Road Melville, NY 11747 | | Consulting fees (accounting) | | $48,925.00 |
| 7 | Waverly Staging & Design 971 Ross Street Rahway, NJ 07065 | | Consulting | | $47,867.99 |
| 8 | ConEdison 700 E. 16th Street New York, NY 10009 | | Utility provider | | $41,005.37 |
| 9 | IPFS of New York, LLC A. Logan Insurance PO Box 32144 New York, NY 10087 | | IPFS Insurance premium | | $30,707.02 |
| 10 | Wilkin Guttenplan 499 Seventh Avenue, 6th Floor New York, NY 10018 | | Accounting advisors | | $21,000.00 |

---

[4] The information herein shall not constitute an admission of liability, nor is it binding on, the Debtors. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this schedule.

| 11 | Wang Technology<br>42 Washington Road<br>Princeton Junction, NJ 08550 | | Consulting | | $16,470.00 |
|----|----|----|----|----|----|
| 12 | QG Floral Landscape<br>154-10 Cross Island Parkway Whitestone, NY 11357 | | Consulting | | $14,160.00 |
| 13 | Richard Layton & Finger P.A<br>920 North King Street Wilmington, DE 19801 | | Legal Fees | | $13,009.50 |
| 14 | NYC Environmental Protection<br>290 Broadway<br>New York, NY 10007 | | Water & Wastewater | | $10,298.05 |
| 15 | James F. Capalino Associates<br>233 Broadway, Suite 710 New York, NY 10279 | | Consulting | | $6,500.00 |
| 16 | Saxe Doernberger & Vita P.C.<br>35 Nutmeg Drive, Ste140 Trumbull, CT 06611 | | | | $6,000.00 |
| 17 | United Reprographic Services<br>48 West 38th Street New York, NY 10018 | | | | $5,156.13 |
| 18 | Regal Cleaning<br>8 Sagamore Hill Drive Port Washington, NY 11050 | | Vendor | | $4,948.45 |
| 19 | Wells Fargo Credit Card Elite Card Payment Center 420 Montgomery Street San Francisco, CA 94104 | | Credit card Internet, TV, and Phone | | $3,507.11 |
| 20 | Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus, NJ 07094 | | Consulting | | $3,250.00 |

## Schedule 2

### List of Holders of Five Largest Secured Claims

Pursuant to Local Bankruptcy Rule 1007-2(a)(5), to the best of the Debtors' knowledge, belief, and understanding, the following chart lists the creditors holding, as of the Petition Date, the five (5) largest secured, non-contingent claims against the Debtors, excluding claims of insiders as defined in section 101 of the Bankruptcy Code.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Approximate amount of secured claim | Type of collateral |
| --- | --- | --- | --- |
| DOF II-Bloom Senior LLC | Attn: Louis Curcio<br>Reed Smith LLP<br>Tel: 212.549.0267<br>Facsimile: 212.521.5450<br>Email: lcurcio@reedsmith.com | $58,866,065 | First lien mortgage on Fee Owner's fee simple interest in the Project |
| DOF II-Bloom Mezz LLC | Attn: Louis Curcio<br>Reed Smith LLP<br>Tel: 212.549.0267<br>Facsimile: 212.521.5450<br>Email: lcurcio@reedsmith.com | $20,818,070 | Mezzanine loan to Holdco secured by a pledge of the membership interests in Fee Owner. |

**Schedule 3**

**Hudson 888 Owner LLC Unaudited Consolidated Balance Sheet**

Pursuant to Local Bankruptcy Rule 1007-2(a)(6), the following provides the most recently available summary (unaudited) for the assets and liabilities for Hudson 888 Owner LLC on an unconsolidated basis as of November 30, 2023.

| | |
|---|---:|
| **ASSETS** | |
| Current Assets | |
| Total Checking/Savings | 1,477,898 |
| Total Accounts Receivable | 4,696 |
| Total Other Current Assets | 6,269,753 |
| Total Current Assets | 7,752,347 |
| Fixed Assets | |
| Total Fixed Assets – Development | 129,825,167 |
| **TOTAL ASSETS** | **137,577,514** |
| | |
| **LIABILITIES & EQUITY** | |
| **LIABILITIES** | |
| Current Liabilities | |
| Total Interest Payable | 10,457,650 |
| Total Accounts Payable | 771,293 |
| Accrued Expenses | 89,257 |
| Due To/From Related Parties | 80,473,173 |
| Other Current Liabilities | 346,298 |
| Total Current Liabilities | 92,137,680 |
| Long Term Liabilities | |
| Mezzanine Loan | 20,818,070 |
| Senior Mortgage Loan | 58,866,065 |
| Total Long Term Liabilities | 79,684,135 |
| **TOTAL LIABILITIES** | **171,821,816** |
| **EQUITY** | |
| Hudson 888 Holdco | 18,000,000 |
| 32000 – Members Equity | (32,871,512) |
| 33000 – Retained Earnings Adj. | (274,581) |
| Net Income | (19,098,208) |
| **TOTAL EQUITY:** | **(34,244,302)** |
| **TOTAL LIABILITIES & EQUITY** | **137,577,514** |

### Schedule 4

Pursuant to Local Bankruptcy Rule 1007-2(a)(9), the following lists the property or premises owned, leased, or held under other arrangement from which the Debtors operate their businesses.

**Owned Property**

| Debtor | Street Address | City | State | Zip Code | Country |
|--------|---------------|------|-------|----------|---------|
| Hudson 888 Owner LLC | 500 West 45th Street | New York | NY | 10036 | USA |

## Schedule 5

### Location of the Debtors' Assets, Books, and Records

Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the following lists the locations of the Debtors' substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtors outside the territorial limits of the United States.

### Location of the Debtors' Substantial Assets

Substantially all of the Debtors' assets are located in New York.

### Books and Records

The Debtors' books and records are stored electronically. Copies can be found at:

150 East 52nd Street, Suite 8002
New York, New York 10022

### Fee Owner's Assets Outside the United States

The Debtors do not hold assets outside the United States.

**Schedule 6**

**Litigation**

Pursuant to Local Bankruptcy Rule 1007-2(a)(11), to the best of the Debtors' knowledge, belief, and understanding, the following is a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtors or their properties where a judgment against the Debtors or a seizure of its property may be imminent.

1. *Hudson 888 Owner LLC and Hudson 888 Holdco LLC v. DOF II-Bloom Senior LLC, DOF II-Bloom Mezz LLC, and Reed Smith LLP*, Index No. 161355/2023, pending in Supreme Court, New York County.

2. *Jose Pilapanta v. Hudson 888 Owner LLC and Leeding Buildings Group LLC*, Index No. 152726/2020, pending in Supreme Court, New York County.

3. *Minghua Zhang v. Hudson 888 Owner LLC, Kuafu Properties, LLC, XIN Development Management East, LLC, Leeding Builders Group LLC, and Architectural Building Products, Inc. d/b/a Architectural Building Services*, Index No. 502006/2020, pending in Supreme Court, Kings County.

4. *David Aredondo v. Hudson 888 Owner LLC, Leeding Builders Group LLC, R.C. Structures Inc., and RVB Construction Inc. d/b/a The Mason Corp.*, Index No. 31029/2019E, pending in Supreme Court, Bronx County.

5. *Eunyoung Jenny Kim v. Hudson 888 Owner LLC and The City of New York*, Index No. 451141/2018, pending in Supreme Court, New York County.

6. *Segundo Juan Quinatoa v. Hudson 888 Owner LLC and Leeding Builders Group, LLC*, Index No. 512235/2020, pending in Supreme Court, Kings County.

7. *Hudson 888 Owner LLC v. The Tax Commission of the City of New York, and The Commissioner of Finance of The City of New York*, Index No. 254404/2023, pending in Supreme Court, New York County.

8. *Hudson 888 Owner LLC v. The Tax Commission of the City of New York, and The Commissioner of Finance of The City of New York*, Index No. 260720/2022, pending in Supreme Court, New York County.

# Schedule 7

## Senior Management

Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the following provides the names of the individuals who comprise the Debtors' existing senior management, a description of their tenure with the Debtors, and a brief summary of their relevant responsibilities and experience.

| Name & Position | Responsibilities & Experience |
| --- | --- |
| **Sheng Zhang**<br><br>*Chairman and Chief Executive Officer* | Sheng Zhang has dual-bachelor's degrees from Columbia University in the City of New York in political science and financial economics. Sheng also has a Juris Doctor degree from New York University School of Law. Previously working in an international law firm, Sheng has been connected with the real estate industry for approximately 10 years and directly involved for approximately 2 years. Sheng became Chief Executive Officer of XIN Development Group International LLC in June 2023. XIN Development Group International LLC is 100% indirect owner of the Bloom on Forty-Fifth Condominium project as well as two other projects in the New York City area. |

**Schedule 8**

**Payroll**

Pursuant to Local Bankruptcy Rule 1007-2(b)(1)-(2)(A) and (C), the following provides the estimated amount of weekly payroll to the Debtors' employees (not including officers, directors, and stockholders) and the estimated amount to be paid to officers, stockholders, directors, and financial and business consultants retained by the Debtors for the 30-day period following the filing of the chapter 11 petition.[5]

| | |
|---|---|
| **Payments to Employees (Not Including Officers, Directors, and Stockholders)** | $0 |
| **Payments to Officers, Stockholders, and Directors** | $0 |
| **Payments to Financial and Business Consultants** | $0 |

---

[5]    Pursuant to the retention applications filed, or to be filed, by these professionals, and the applicable Bankruptcy Rules and Local Bankruptcy Rules, the Debtors will not make any payments in the 30-day period following the filing of the chapter 11 petition.

**Schedule 9**

**Cash Receipts and Disbursements,
Net Cash Gain or Loss, Unpaid Obligations and Receivables**

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the following provides, for the 30-day period following the filing of the chapter 11 petition, the estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees.

| | |
|---|---|
| **Cash Receipts** | $287,380 |
| **Cash Disbursements** | $91,743 |
| **Net Cash Gain** | $195,637 |
| **Unpaid Obligations** | $0 |
| **Uncollected Receivables** | $0 |