**HERRICK, FEINSTEIN LLP**
Robert D. Gordon
Nicholas G.O. Veliky
Rodger T. Quigley
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
rgordon@herrick.com
nveliky@herrick.com
rquigley@herrick.com

*Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
                                                              :
In re                                                         :   Chapter 11
                                                              :
HUDSON 888 OWNER LLC and                                      :   Case No. 24-10021 (MEW)
HUDSON 888 HOLDCO LLC,                                        :
                                                              :   (Jointly Administered)
            Debtors.¹                                         :
                                                              :
------------------------------------------------------------- X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SCHEDULING EXPEDITED**
**CONFIRMATION HEARING WITH RESPECT TO DEBTORS' THIRD AMENDED**
**CHAPTER 11 PLAN OF REORGANIZATION**

Hudson 888 Owner LLC ("Fee Owner") and Hudson 888 Holdco LLC ("Holdco" and, together with Fee Owner, the "Debtors"), the debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (the "Scheduling Motion"), pursuant to Bankruptcy Code section 102(1)(A), Bankruptcy Rule 2002(m), and the Plan Confirmation Procedures Order (defined below), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") re-scheduling on an

---

[1] The Debtors' principal offices are located at 150 East 52nd Street, Suite 8002, New York, New York 10022. The last four digits of the Federal Tax Id. No. of Hudson 888 Owner LLC are 6993. The last four digits of the Federal Tax Id. No. of Hudson 888 Holdco LLC are 4666.

expedited basis the adjourned hearing (the "Confirmation Hearing") to consider confirmation of the *Third Amended Chapter 11 Plan of Reorganization of Hudson 888 Owner LLC and Hudson 888 Holdco LLC* dated September 18, 2024 (the "Third Amended Plan") [Docket No. 256], to be heard on or about September 24, 2024, subject to the Court's calendar (the "New Confirmation Hearing Date"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431* (the "Standing Order"), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. The Chapter 11 Cases

2. On January 7, 2024 (the "Petition Date"), each Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 9].

4. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5. No official committee of unsecured creditors or examiner has been appointed by the Office of the United States Trustee for the Southern District of New York in the Chapter 11 Cases.

B.   **The Debtors' Proposed Plan of Reorganization**

6.   On June 28, 2024, the Court held a status conference wherein the Debtors reported that the Malaysia Sale referenced in the Debtors' *Amended Chapter 11 Plan of Reorganization* dated June 18, 2024 [Docket No. 197] closed. As a result of this transaction, the Debtors filed the *Second Amended Chapter 11 Plan of Reorganization of Hudson 888 Owner LLC and Hudson 888 Holdco LLC* dated July 1, 2024 ("Second Amended Plan") [Docket No. 213], with the corresponding *Second Amended Disclosure Statement for Second Amended Chapter 11 Plan of Reorganization of Hudson 888 Owner LLC and Hudson 888 Holdco LLC* [Docket No. 213] to, among other things, clarify the application of the Malaysia Sale proceeds as part of a paydown of secured debt promptly after the Effective Date, as well as incorporate certain adjustments to the sellout period and milestones for payment of the Secured Creditors' claims, based on feedback provided by the Court and the Secured Creditors at an earlier status conference held on June 20, 2024, and input provided by the Debtors' newly retained expert for the Second Amended Plan.[2]

7.   The Confirmation Hearing with respect to the Second Amended Plan was scheduled to proceed on July 2, 2024. However, on the day of the Confirmation Hearing, the Debtors and the Secured Creditors reached a tentative settlement of their disputes and agreed to adjourn the Confirmation Hearing pending the parties' continued settlement negotiations, with the Debtors' 180-day exclusivity period under Bankruptcy Code section 1121(c)(3) extended through such adjourned Confirmation Hearing date.

8.   Subsequently, the Debtors and the Secured Creditors engaged in good-faith, arm's-length negotiations to develop the settlement, resolve their disputes, and achieve a consensual plan. The Debtors believe they have now reached consensus with the Secured Creditors regarding the

---

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Second Amended Plan or Third Amended Plan, as applicable.

3

Plan. As a result, concurrently with this Motion, the Debtors have filed the Third Amended Plan and corresponding *Third Amended Disclosure Statement for Amended Chapter 11 Plan of Reorganization of Hudson 888 Owner LLC and Hudson 888 Holdco LLC*, which the Debtors believe is supported by the Secured Creditors.

## RELIEF REQUESTED

9. Pursuant to Bankruptcy Code section 102(1)(A), Bankruptcy Rule 2002(m), and the Plan Confirmation Procedures Order (defined below) entered in this case, the Debtors file this Scheduling Motion, seeking entry of the Proposed Order scheduling the New Confirmation Hearing Date for September 24, 2024, or such date as is convenient to the Court.

## BASIS FOR RELIEF

10. Under Bankruptcy Rule 2002(b), at least 28 days' notice must be given to the creditors and other parties in interest concerning a hearing to consider confirmation of a chapter 11 plan. Fed. R. Bankr. P. 2002(b).

11. All creditors and parties in interest were given 41 days' notice of the original Confirmation Hearing [Docket Nos. 145-46].

12. Pursuant to this Court's *Order: (A) Conditionally Approving the Disclosure Statement; (B) Approving Solicitation, Voting, and Tabulation Procedures and the Form of Ballots and Notices in Connection Therewith; (C) Scheduling a Confirmation Hearing; (D) Establishing Procedures for Filing Confirmation Objections; and (E) Approving Form and Manner of Notice of Confirmation Hearing*, entered on April 29, 2024 [Docket No. 138] (the "Plan Confirmation Procedures Order"), "[n]o further notice will be given to holders of claims against or equity interests in the Debtors or other interested parties of any adjournment of the Confirmation Hearing." Docket No. 138, ¶ 9. Thus, the New Confirmation Hearing Date may be scheduled and the hearing conducted without further notice.

4

13. The Debtors submit that cause exists to schedule the New Confirmation Hearing Date on an expedited basis because: (i) the Debtors believe the Third Amended Plan is a consensual plan supported by the Secured Creditors; (ii) time is of the essence, as the settlement with the Secured Creditors reflected in the Third Amended Plan provides for a potential refinancing transaction by Fee Owner or its designee to take place within approximately 90 days after the Effective Date (as defined in the Third Amended Plan), with a maximum deadline of December 31, 2024, and very little progress can be made on obtaining such refinancing while the Debtors remain in bankruptcy; (iii) the Third Amended Plan does not materially alter the treatment of Class 4 (General Unsecured Claims), eliminating the need for re-balloting; and (iv) the Debtors have been in contact with the City of New York Department of Finance (the "DOF"), the only party in interest other than the Secured Creditors to file an objection with respect to the Second Amended Plan, and believe they will resolve any concerns of the DOF with respect to the Third Amended Plan prior to the New Confirmation Hearing Date.

14. Apart from classes of claims held by the Secured Creditors, the only other class of impaired claims receiving treatment under the Third Amended Plan is the Class 4 Claims comprising General Unsecured Claims. The treatment of Class 4 under the Third Amended Plan does not differ materially from the Amended Plan dated April 25, 2024, which holders of Class 4 Claims voted on and unanimously voted to accept. *See* certification of ballots at Docket No. 188.

15. The Debtors do not believe there is any prejudice to any party in interest if the Court grants this Scheduling Motion and schedules the New Confirmation Hearing Date on an expedited basis. The relief requested is authorized under Bankruptcy Code section 102(1)(A), Bankruptcy Rule 2002(m), and the Plan Confirmation Procedures Order.

**NOTICE**

16. The Debtors will provide notice of this Scheduling Motion (a) via the CM/ECF System, electronic mail, and first class mail to: (i) the United States Trustee, One Bowling Green, Room 534, New York, NY 10004; (ii) counsel to DOF II-Bloom Senior LLC and DOF II-Bloom Mezz LLC, David Pisciotta, Nicholas Vislocky, Andrew Buck, and Louis Curcio, Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022; and (b) via the CM/ECF System to all other persons and entities that have requested service in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 18, 2024
       New York, New York

*Respectfully submitted*,

**HERRICK, FEINSTEIN LLP**

By: /s/ *Robert D. Gordon*
     Robert D. Gordon
     Nicholas G.O. Veliky
     Rodger T. Quigley
     Two Park Avenue
     New York, New York 10016
     (212) 592-1400
     (212) 592-1500 (fax)
     rgordon@herrick.com
     nveliky@herrick.com
     rquigley@herrick.com

*Counsel to the Debtors*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                :

In re                                                :    Chapter 11

HUDSON 888 OWNER LLC and    :    Case No. 24-10021 (MEW)
HUDSON 888 HOLDCO LLC,      :

                                                :    (Jointly Administered)

       Debtors.[1]                       :

------------------------------------------------------------ X

**ORDER GRANTING THE DEBTORS' MOTION FOR ENTRY OF AN ORDER
SCHEDULING EXPEDITED CONFIRMATION HEARING WITH RESPECT TO
DEBTORS' THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Upon consideration of the motion (the "Scheduling Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order re-scheduling on an expedited basis the adjourned hearing (the "Confirmation Hearing") to consider confirmation of the *Third Amended Chapter 11 Plan of Reorganization of Hudson 888 Owner LLC and Hudson 888 Holdco LLC* dated September 18, 2024 [Docket No. 256], to be heard on September 24, 2024, or such earlier date as the Debtors may be heard (the "New Confirmation Hearing Date"); and upon consideration of the record of the Chapter 11 Cases; and the Court finding, pursuant to Bankruptcy Code section 102(1)(A), Bankruptcy Rule 2002(m), and the Plan Confirmation Procedures Order, that due and proper notice of the Scheduling Motion has been given and no other or further notice of the Scheduling Motion is required in the particular circumstances of this matter; and the Court finding that it has jurisdiction to consider the Scheduling Motion under

---

[1] The Debtors' principal offices are located at 150 East 52nd Street, Suite 8002, New York, New York 10022. The last four digits of the Federal Tax Id. No. of Hudson 888 Owner LLC are 6993. The last four digits of the Federal Tax Id. No. of Hudson 888 Holdco LLC are 4666.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Scheduling Motion.

28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court finding that its consideration of the Scheduling Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court finding that venue of these proceedings and the Scheduling Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that the relief requested in the Scheduling Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Scheduling Motion is GRANTED as set forth herein.

2. The New Confirmation Hearing Date is scheduled for _____, **2024, at _____ (prevailing Eastern Time)**. The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement in open court of the Confirmation Hearing or at any adjourned Confirmation Hearing.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York

_____, 2024

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE